UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROFIL INSTITUT FUR STOFFWECHSELFORSCHUNG GbmH,<br><br>Plaintiff,<br><br>v.<br><br>PROFIL INSTITUTE FOR CLINICAL RESEARCH,<br><br>Defendant. | Case No.: 16cv2762-LAB (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>[ECF No. 17] |

Currently before the Court is Plaintiff's November 30, 2016 "Motion for Expedited Discovery" [ECF No. 17-1 ("Mot.")] and Defendant's December 5, 2016 opposition to the motion [ECF No. 24 ("Oppo.")]. Plaintiff has not filed a reply brief. See Docket; see also ECF No. 16 (setting the deadline for Plaintiff to file a reply for December 6, 2016). Having reviewed Plaintiff's motion and all supporting documents, the Court **DENIES** the motion for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 9, 2016, Plaintiff filed a Complaint against Defendant Profil Institute for Clinical Research, Inc. ("PICR") alleging breach of contract. ECF No. 1. Plaintiff is a research institute based in Germany that studies diabetes and obesity, and provides support for clinical

1

trials seeking treatments for those diseases.  Id. at 2-3.  Plaintiff has been providing services under the "profil" mark in the European Union ("EU") and the United States since 1999, and registered the mark in the EU in December 2009.  Id. at 3.

In January 2003, Plaintiff created Defendant PICR as a wholly owned subsidiary to serve the United States, and in December 2008, the companies formally separated but continued to work together.  Id.  In May 2016, Defendant threatened to sue Plaintiff over trademark infringement in the United States, and Plaintiff filed a related suit against Defendant alleging, *inter alia*, trademark infringement, unfair competition, and trade secret misappropriation.  Id. (citing Profil Institut fur Stoffwechselforschung GmbH v. Profil Institute for Clinical Research, Inc., 16cv1549-LAB (BLM)).

On September 7, 2016, the parties entered into a settlement agreement ("the Agreement").  ECF No. 1 at 3, 5.  Plaintiff summarizes the key terms of the Agreement as follows:

> The Agreement broadly requires PICR to desist from offering its services as a medical laboratory or as a provider of medical and clinical trials . . . in the territory of the European Union under the registered word and figurative trademark PROFIL, including as an element of its trading name.  The Agreement explicitly states that PICR shall not use the term "Profil" in any abbreviation of its trading name. These prohibitions apply to all business documents and business correspondence, including advertising.
>
> . . .
>
> The Agreement also prohibits PICR from using the PROFIL mark as part of its trade name ("Profil Institute for Clinical Research, Inc.") in any new marketing or sales activities in Europe.  Specifically, the Agreement requires that PICR make "express efforts" to stop using the PROFIL mark "as rapidly as possible," including in PICR's trade name.

Id. at 5-6.  In this suit, Plaintiff claims that Defendant wilfully breached the Agreement by engaging in activities prohibited by the Agreement, including actively marketing its services to European companies using the "Profil" name.  Id. at 4, 8-11.

On November 19, 2016, Plaintiff filed a motion for preliminary injunction before District Judge Larry A. Burns. ECF No. 8. Plaintiff asserts that Defendant improperly used Plaintiff's European trademark "without permission to solicit, market, and advertise to [Plaintiff's] current and prospective European customers," and caused irreparable harm to Plaintiff by damaging its goodwill, appropriating its business opportunities, confusing its current and prospective customers, and damaging its business. Id. at 2-3. Plaintiff seeks to enjoin Defendant from appearing in the EU under the abbreviations "Profil" or "Profil Institute," and under its full trade name in any documents or correspondence created after September 7, 2016. Id. at 2. On December 5, 2016, Defendant opposed the preliminary injunction motion. ECF No. 23. On November 30, 2016, Plaintiff filed the instant motion for expedited discovery. Mot. On December 2, 2016, Plaintiff filed an application for entry of default against Defendant, which Defendant opposed on December 5, 2016. ECF Nos. 18 & 21. On December 15, 2016, Defendant filed a motion to dismiss for failure to state a claim for breach of contract and based upon the forum non conveniens doctrine. ECF No. 29.

## LEGAL STANDARD

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276. Courts commonly consider the following factors in determining whether good cause

justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Apple Inc. v. Samsung Elec. Co., Ltd., 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (quoting Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)); Fuhu, Inc. v. Toys "R" US, Inc., 2012 WL 12870313, at *2 (S.D. Cal. Oct. 4, 2012) (same); Light Salt Inv., LP v. Fisher, 2013 WL 3205918, at *1 (S.D. Cal. June 24, 2013) (same).

Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Semitool, Inc., 208 F.R.D. at 276; Palermo v. Underground Solutions, Inc., 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012). In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. Sept. 4, 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant). In cases where preliminary injunction motions are pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction. Palermo, 2012 WL 2106228, at *2. However, courts do not automatically grant expedited discovery merely because a party seeks a preliminary injunction and instead must examine "the reasonableness of the request in light of all the surrounding circumstances." See Am. LegalNet, Inc., 673 F. Supp. 2d at 1067. A court may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." Id. at 1069

(internal quotation marks omitted); Dimension Data N. Am. v. NetStar–1, Inc., 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination").

## DISCUSSION

Plaintiff alleges that it granted Defendant a limited right to "use" existing paper and digital materials that included Plaintiff's European "Profil" trademark, but asserts that the parties' Agreement prohibits Defendant from creating new materials that use the mark and using the mark in any abbreviated versions of Defendant's trade name. See Mot. at 2; see also ECF No. 8 at 2. Defendant contends that the Agreement permits it to use the mark until March 7, 2017, and that Plaintiff improperly alleges that Defendant's limited use of the mark in a California-only press release violated the Agreement. See Oppo. at 3. Plaintiff seeks an order directing Defendant: "(1) to produce, and, to the extent not produced, identify, [c]ommunications with any person in the European Union (including Antaros, Close Concerns and PR Newswire)[1] since September 7, 2016 (the date of the Agreement) that used the mark 'profil'" and "(2) to produce documents sufficient to show access of [Defendant's] website by any person or entity within the European Union." Id. at 3, 6. Plaintiff asserts that the requested discovery is needed to identify other parties that Defendant contacted regarding the "profil" trademark, including third-party advertisers, who "may violate the 'profil' trademark on Defendant's behalf." ECF No. 17 at 2.

---

[1] Plaintiff contends that Defendant commissioned a press release from PR Newswire on September 14, 2016, which described Defendant's collaboration with Antaros Medical, and that the press release was distributed to the European market and was carried by other news services, including Close Concerns. ECF No. 8-3 at 14.

Plaintiff also contends that it needs to determine the nature and scope of the alleged ongoing breach of the Agreement and to mitigate harm to Plaintiff's brand and its customers.  See id.  Notably, Plaintiff states that the "existing evidence of the breach by [Defendant], and its admission of such breach, is sufficient for [Plaintiff] to prevail in the preliminary injunction motion." Mot. at 3.  Finally, Plaintiff argues that its discovery requests are narrowly tailored to Defendant's violations of the Agreement, readily obtainable, necessary to avoid prejudice and irreparable harm to Plaintiff, and neither burdensome nor prejudicial to Defendant.  Id. at 3-8.

In its opposition, Defendant argues that expedited discovery is not warranted because Plaintiff has expressly disavowed any need for such discovery for its preliminary injunction motion and seeks expedited discovery for an improper purpose, and because the requested discovery is premature and unduly burdensome.  Oppo. at 4-9.  In support, Defendant contends that Plaintiff seeks Defendant's trade secret customer and prospective customer information in order to contact those customers and "discourage" them from working with Defendant, which is improper in advance of the ruling on Plaintiff's pending motion for preliminary injunction and Defendant's pending motion to dismiss, because it would provide Plaintiff with an "extreme 'remedy' before establishing even a likelihood of [Defendant's] liability."  Id. at 5-6.  Defendant also challenges Plaintiff's argument that the requested discovery is warranted to mitigate future harm, and argues that Plaintiff has no such right until it proves that its interpretation of the Agreement is correct and that it actually suffered harm, and argues that Plaintiff cannot make such a showing.  Id. at 6.  With respect to Plaintiff's assertion that the requested discovery is needed to identify other potential litigation targets, Defendant claims that this purpose does not justify expedited discovery because any such companies would not be defendants in this breach of contract action, especially because Plaintiff would need to file European trademark

infringement claims against European companies in Europe.  Id. at 6-7.  Finally, Defendant contends that expedited discovery would be unduly burdensome and that it should not be required to bear such burden before the pleadings are settled, because the Court may decline jurisdiction over this German-law dispute and because Plaintiff's interpretation of the Agreement is the subject of a motion to dismiss.  See id. at 8-9.

As noted above, in determining whether good cause justifies expedited discovery courts consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  Am. LegalNet, Inc., 673 F. Supp. 2d at 1067.  The Court has considered the factors and does not find good cause to justify allowing Plaintiff to conduct expedited discovery.

**1. Whether a Preliminary Injunction is Pending**

Plaintiff alleges that the requested discovery "relates" to the harm described in its pending motion for preliminary injunction and to the allegations in its Complaint, but concedes that the "existing evidence of the breach by [Defendant], and its admission of such breach, is sufficient for [Plaintiff] to prevail in the preliminary injunction motion."  Mot. at 3, 5.  Because Plaintiff admits that it does not need the expedited discovery for its preliminary injunction motion, this factor weighs against expedited discovery.  See Fuhu, Inc., 2012 WL 12870313, at *1, 3-4 (finding no good cause for expedited discovery where plaintiffs filed a motion for a Temporary Restraining Order ("TRO"), but admitted that they possessed the information needed for the upcoming TRO hearing; also observing that "[w]ith Plaintiffs' concessions that they currently have all of the information that they need for the upcoming TRO hearing, the Court is at a loss

to understand why expedited discovery is necessary."). This conclusion is bolstered by the fact that the requested discovery goes to the merits of Plaintiff's claim by seeking to identify the scope of the alleged harm and trademark violations. See Am. LegalNet, Inc., 673 F. Supp. 2d at 1069 (courts may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action.").

### 2. The Breadth of the Discovery Requests

Although Plaintiff asserts that it attempted to narrow the scope of its discovery requests, the requests potentially include a large number of documents, many of which may contain confidential information. Moreover, to respond accurately to the requests, Defendant will need to search digital emails and documents maintained by a variety of custodians. See Oppo. at 8. For example, Plaintiff seeks "each written Communication with a European Union Person since September 7, 2016 that used the word 'profil' in any format, font, and style" [RFP No. 1], "each written Communication with . . . Close Concerns, and/or PR Newswire since September 7, 2016 that used the word 'profil' in any format, font, and style" [RFP No. 2], and "documents sufficient to show access of [Defendant's] website by any European Union Person" [RFP No. 3]. Mot., Exh. B at 7. Plaintiff's interrogatories mirror the language in its RFPs.[2] See id., Exh. A. The

---

[2] Specifically, Plaintiff's interrogatories ask Defendant to identify "each written Communication with a European Union Person since September 7, 2016 that used the word "Profil" in any format, font, and style" [Interrogatory No. 1], "each written Communication with Close Concerns and/or PR Newswire since September 7, 2016 that used the word "profil" in any format, font, and style" [Interrogatory No. 2], and "documents sufficient to show access of [Defendant's] website by any European Union Person" [Interrogatory No. 3] "to the extent the Communication is not produced in response to the accompanying document requests #1-3." Id., Exh. A at 10-11.

requests are thus not narrowly-tailored to obtain evidence relevant to Plaintiff's motion for preliminary injunction and appear to be aimed at conducting substantial discovery related to the merits of this dispute prior to the Rule 26(f) conference.  Because the Court finds that Plaintiff's expedited discovery requests are broad, burdensome, and directed toward the merits of the dispute, this factor weighs against expedited discovery.  See Palermo, 2012 WL 2106228, at *3 (denying plaintiff's motion for expedited discovery in advance of its motion for preliminary injunction where plaintiff's request "appear[ed] to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference" and would impose an undue burden on defendant).

### 3. The Purpose for Requesting the Expedited Discovery

Plaintiff contends that the requested expedited discovery is needed to determine the nature and scope of the alleged ongoing breach of the Agreement and to mitigate harm to its brand and customers.  See ECF No. 17 at 2; see also Mot. at 3 (stating that expedited discovery is needed "to protect [Plaintiff's] brand in the EU and mitigate the harm from [Defendant's] continuing violations of [Plaintiff's] 'profil' mark.").  As such, the purpose of the requested discovery is to determine the scope of the alleged harm and the extent of Plaintiff's damages, and there is no need to conduct such discovery on an expedited basis.  Accordingly, the Court finds that this factor also weighs against expedited discovery.  See Palermo, 2012 WL 2106228, at *3 (citing Better Packages, Inc. v. Zheng, 2006 WL 1373055 (D.N.J. 2006) (observing that granting the request for expedited discovery "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery.")).

### 4. The Burden on the Defendant to Comply with the Requests

Defendant contends that expedited discovery would be unduly burdensome and will require it to:

> (1) identify custodians who may have interacted with persons in Europe, (2) collect electronically stored information from those custodians, (3) hire an e-discovery vendor to host a database; (4) review the documents for relevance, responsiveness, and privilege, and (5) incur the costs of producing the documents in an appropriate format (e.g. TIFFing the documents, applying Bates labels, and preparing load files).

Oppo. at 8. As noted *supra* in Section 2, Plaintiff's requests for expedited discovery are broad. In light of the scope of the requested discovery, the steps that Defendant must perform to adequately respond to the requests, and because Plaintiff's requests are aimed at obtaining information concerning Defendant's current and prospective customers and other trade secret/confidential information, the Court finds that, at this stage of the proceedings, the discovery would impose an undue burden on Defendant. As such, this factor weighs against expedited discovery. See Palermo, 2012 WL 2106228, at *3 (denying plaintiff's motion for expedited discovery in advance of its motion for preliminary and permanent injunction where plaintiff's request would impose an undue burden on defendant).

### 5. How far in Advance of the Typical Discovery Process the Request was Made

Defendant argues that the motion for expedited discovery is premature because the Court may decline jurisdiction over this German-law dispute and because Plaintiff's interpretation of the Agreement is incorrect. See Oppo. at 7-8. On December 15, 2016, Defendant filed a motion to dismiss alleging that the complaint fails to state a claim for breach of contract because the Agreement expressly permits the challenged conduct. ECF No. 29-1 at 11-18. Defendant also argues that the complaint should be dismissed based upon the doctrine of forum non

conveniens. Id. at 18-25. Defendant asserts that the Agreement is written in German, governed by German law, and concerns conduct and trademarks in the European Union. Id. at 18-19. The motion to dismiss is scheduled to be heard on February 6, 2017. The Court's resolution of the pending motion to dismiss will significantly impact the scope and permissibility of any discovery. Similarly, Defendant's answer, when and if filed, will further define the proper scope of discovery. Accordingly, the Court finds that the requested discovery is premature and that this factor also weighs against expedited discovery.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to show good cause for permitting expedited discovery. The Court therefore **DENIES** Plaintiff's motion. See Fuhu, Inc., 2012 WL 12870313, at *3-4 (denying plaintiffs' motion for expedited discovery because plaintiffs failed to establish the required good cause); Palermo, 2012 WL 2106228, at *2-3 (same).

**IT IS SO ORDERED.**

Dated: 12/16/2016

*Barbara F. Major*
Hon. Barbara L. Major
United States Magistrate Judge